Argued and submitted August 31, affirmed November 29, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL ROBERT GRUVER,
*Appellant.*

(94CR0992; CA A85494)

906 P2d 852

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant was convicted of being a felon in possession of a firearm, ORS 166.270, and first-degree theft, ORS 164.055. The trial court sentenced him to 60 days in jail and 36 months probation and ordered him to pay a fine of $262 and a uniform assessment of $188. It also ordered him to reimburse the state $400 for court-appointed attorney fees based on its determination that $400 was a "reasonable attorney fee." On appeal, defendant assigns error to the order that he reimburse the state $400 rather than the $310 per-case compensation that his attorney was paid pursuant to a contract with the state. We affirm.

Defendant's court-appointed attorney is a member of the Coos Indigent Defense Consortium (CIDC), a five-attorney group that contracted with the State Court Administrator to provide indigent defense services in Coos County. In 1994, the state paid CIDC $218,240 to provide legal representation for an estimated 704 court-appointed cases. Each month the director of CIDC sent a check to each member of the consortium for one-fifth of the money received from the state for that month. Over the term of the contract, each attorney was assigned one-fifth of the court-appointed cases (approximately 141 each) and received $43,648 of the contract amount, or $310 per case.

At the sentencing hearing, defendant's attorney testified that he performed 10 hours of work on defendant's case. The court multiplied the 10 hour figure by the hourly rate of $40 that had been authorized by the State Court Administrator for court-appointed indigent defense and ordered defendant to pay $400 as reimbursement for his court-appointed attorney.

Defendant argues that he should be required to reimburse the state for only $310, because that is the expense that the state incurred under the contract. Although he does not dispute that $400 is a reasonable attorney fee in this case, he contends that we have repeatedly accepted the state's concession that a sentencing court may not impose fees that exceed the amount that a defendant's court-appointed counsel was paid. *See, e.g., State v. Guzek*, 89 Or App 567, 749 P2d 618 (1988). The state responds that the trial court did not err,

because $400 was a reasonable attorney fee and, as amended by the legislature in 1991, ORS 161.665(1) allows the court to assess costs based on a "reasonable attorney fee."[1]

ORS 161.665(1) provides, in part:

"The court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a provision that *the convicted defendant shall pay as costs expenses specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel* appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for expenses approved under ORS 135.055. *A reasonable attorney fee is presumed to be a reasonable number of hours at the hourly rate authorized by the State Court Administrator* under ORS 151.430." (Emphasis supplied.)

The legal question is whether that statute permits the sentencing court to award "a reasonable attorney fee" for appointed counsel, or whether the court is limited to ordering only the amount the appointed counsel actually received as compensation for the case.

By its terms, ORS 161.665(1) allows the court to require a convicted defendant to pay, as costs, "expenses specially incurred by the state in prosecuting the defendant." Costs include "a reasonable attorney fee" for appointed counsel, which is "presumed to be a reasonable number of hours at the hourly rate authorized by the State Court Administrator." Costs also include a "reasonable amount for expenses approved under ORS 135.055," which includes expenses incurred for investigation, preparation and presentation of the case.

■ Were it not for the phrase, "expenses specially incurred," the text of ORS 161.665(1) would clearly give the sentencing court authority to award a reasonable attorney fee based on a reasonable number of hours at the hourly rate

---

[1] The previous version of ORS 161.665(1) provided, in part:

"The court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a provision that the convicted defendant shall pay as costs those expenses specially incurred by the state in prosecuting the defendant. Costs include the compensation of counsel appointed pursuant to ORS 135.045 or 135.050 and expenses approved under ORS 135.055."

authorized by the State Court Administrator. That phrase, however, suggests that the court is limited to awarding as fees only the amount actually incurred by the state in providing legal services to a defendant. Consequently, we conclude that the statute is ambiguous. That ambiguity is not resolved by its context — other subsections of the same statute — nor by reference to chapter 151, regarding the duties of the State Court Administrator in administering the state indigent defense program. ORS 151.430(6), for example, provides that the State Court Administrator may establish "cost guidelines" for the "approval and payment of compensation and expenses incurred in the defense of indigent persons." However, that statute defines neither "cost" nor "expenses incurred," and it is not clear whether the phrase "expenses incurred" imposes a limitation on the calculation of "costs." Because we cannot discern the intent of the legislature from the text or the context of the statute, we look to the statute's legislative history. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993).

■     During the 1991 legislative session, then State Court Administrator R. William Linden, Jr., proposed amendments to ORS 161.665(1). In a letter to Representatives Mannix and Baum, he explained that the purpose of the amendments was to

> "provide for recoupment of a 'reasonable attorney fee' and a 'reasonable amount for expenses,' rather than the current standard, which requires the court to determine the actual cost." House Committee on Judiciary, HB 2805, May 8, 1991, Ex. D, pp 1-2.

He stated that by providing "guidelines for courts to exercise their discretion in determining a reasonable number of hours for contract cases" the amendments would correct the inequity that results from equal repayment in all cases under an indigent defense contract, regardless of complexity. *Id.* No other interpretations were proffered and the amendments proposed by Linden were adopted by the legislature without objection as part of HB 2805 and were signed into law by the governor. The legislative history, then, reveals that the legislature's intent in amending ORS 161.665(1) was to allow trial courts to assess a "reasonable attorney fee" based on a reasonable number of hours at the hourly rate authorized by

the State Court Administrator. We therefore agree with the state that our cases under the previous version of ORS 161.665(1), in which we accepted its concessions that sentencing courts are limited to ordering only the amount the appointed attorney actually received as compensation, are not binding.

The trial court did not err in ordering defendant to pay $400 as reimbursement for his court-appointed attorney rather than the $310 his attorney was paid under the contract with the state.

Affirmed.